■ HERBERT J. STEIN, Respondent, v JEFFREY EINHORN et al., Appellants. [812 NYS2d 895]—

In an action, inter alia, to recover treble damages pursuant to RPAPL 861, the defendants appeal from a judgment of the Supreme Court, Suffolk County (Baisley, J.), entered July 14, 2004, which, after a jury trial, is in favor of the plaintiff and against them in the principal sum of $551,085 on the cause of action to recover treble damages pursuant to RPAPL 861.

Ordered that the judgment is reversed, on the law, and a new trial is granted on the issue of damages on the cause of action to recover treble damages pursuant to RPAPL 861, with costs to abide the event.

The jury verdict on the issue of liability on the plaintiff's cause of action to recover treble damages pursuant to RPAPL 861 was reached on a fair interpretation of the evidence and was not against the weight of the evidence (see Cohen v Hallmark Cards, 45 NY2d 493 [1978]; O'Boyle v Avis Rent-A-Car Sys., 78 AD2d 431 [1981]).

The plaintiff's damage figure, which was adopted by the jury, was the cost of replanting trees and vegetation pursuant to a restoration plan that encompassed both the plaintiff's property and a substantial area outside the plaintiff's property. It cannot be determined from the record what portion of the damages awarded are attributable solely to the replanting of the plaintiff's property, i.e., the damages recoverable on the cause of action pursuant to RPAPL 861. Thus, a new trial on the issue of damages on that cause of action is required.

The defendants' remaining contentions are unpreserved for appellate review, without merit, or academic in light of our determination. Adams, J.P., Ritter, Mastro and Skelos, JJ., concur.